IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN DAVIDSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| THE CITY OF JOLIET, | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**
**STATEMENT OF FACTS**

NOW COMES the Plaintiff, BRIAN DAVIDSON, by and through his attorney, John V. Schrock of Sabuco, Beck, Hansen, Schrock & Pollack, P.C., and in support of his Complaint states as follows:

1. Plaintiff is a homeless resident of Will County, Illinois.

2. Plaintiff is unemployed.

3. That to provide money for food and clothing, Plaintiff carries a sign that states "Homeless Christian God Bless", (See picture of Plaintiff and his sign attached as "Exhibit A") and solicits funds from persons' in public areas of Joliet. This practice is commonly known as panhandling.

4. Plaintiff is a panhandler.

5. At all times relevant, Plaintiff has panhandled and attempted to panhandle on public property in Joliet, Illinois.

6. Defendant, City of Joliet, is a municipal corporation located in Will County, Illinois.

7. At all times relevant, the City of Joliet has enacted and had in effect an ordinance known as the "Soliciting Funds or Selling Tangible or Intangible Property on City Owned Property", hereinafter "Soliciting Ordinance", the Soliciting Ordinance provides as follows:

> *"It is hereby declared to be an offense for any individual, firm or corporation, either profit or non-profit, to attempt to solicit funds for any purpose or to attempt to sell any property tangible or intangible, upon any property owned by the City of Joliet. (Section 21-12 of the Joliet Municipal Code).*

8. That beginning in June of 2013 the City of Joliet, by it's police officers, began a campaign to intimidate, harass, arrest and prosecute Plaintiff for his panhandling in Joliet. .

9. In June of 2013 a City of Joliet police officer, Mike Reilly, approached Plaintiff near Republic and Glenwood Streets and advised Plaintiff that he was a pain and that Plaintiff should just leave Joliet.

10. Plaintiff did not leave Joliet and in August of 2013 when Plaintiff was panhandling near the Marathon Gas Station located at 2314 Glenwood Ave, Joliet, IL 604535, Officer Mike Reilly told Plaintiff that Plaintiff should get out of town or it would get worse for Plaintiff.

11. That Plaintiff did not get out of Joliet and continued to panhandle in Joliet.

12. Shortly after the August 2013 conversation, Officer Mike Reilly went to the tent where Plaintiff was sleeping which was located behind the Republic Banquet Hall, located at 2360 Glenwood Ave., Joliet, IL 60435 and destroyed Plaintiff's tent and threw Plaintiff's personal belongings in a garbage dumpster. Plaintiff continued to panhandle in Joliet but relocated his panhandling and sleeping to the area near the Aldi Store at 1870 W. Jefferson St., Joliet, IL 60435.

13. On December 25, 2013, Plaintiff was in a vehicle driven by a friend who provides Plaintiff assistance and had bought Plaintiff Christmas gifts. An unknown Joliet Police Officer pulled the vehicle over and told Plaintiff that he needed to leave Joliet.

14. In January of 2014, in sub-zero temperatures, an unknown Joliet Police Officer ordered Plaintiff to get into his squad car while Plaintiff was panhandling in Joliet. Plaintiff complied and the officer drove Plaintiff to Channahon, IL, to a location over 10 miles away. The Joliet Police Officer then ordered Plaintiff to exit his squad car and Plaintiff complied. The officer left and Plaintiff was then forced to walk back to Joliet in sub-zero temperatures.

15. On January 26, 2014, Joliet Police Officer L. Emph, issued a citation to Plaintiff for "Pedestrian Constitutes a Hazard" while Plaintiff was panhandling in Joliet, IL. (See Citation Attached as "Exhibit B)

16. On February 23, 2014, Joliet Police Officer Shawn Wascher cited Plaintiff for violating the Solicitation Ordinance 21-17, while Plaintiff was panhandling in Joliet, IL. (See Citation attached as "Exhibit C")

17. On March 7, 2014, Joliet Police Officer Thomas Schorie cited Plaintiff for "Subject Standing in Median with Sign", while subject was panhandling in Joliet, IL (See Citation attached as "Exhibit D") and also cited Plaintiff for "Walking Back and Forth in the Middle of the Road" (See Citation attached as "Exhibit E).

18. On April 6, 2014, Joliet Police Officer Shawn Wascher cited Plaintiff for "Walking in the Highway While Plaintiff was Panhandling". (See Citation attached as "Exhibit F")

19. On April 10, 2014, a Joliet Police Officer cited Plaintiff for "Pedestrian in Roadway" while Plaintiff was panhandling. (See Citation attached as "Exhibit G")

20. On April 27, 2014, Joliet Police Officer Scott Cammack cited Plaintiff for "Pedestrian Walking on a Highway" while Plaintiff was panhandling. (See Citation attached as "Exhibit H")

21. On May 28, 2014, Officer Robert Korczik, while Plaintiff was panhandling, told Plaintiff to leave Joliet and to stop panhandling.

## COUNT I - SECTION 1983 CLAIM FOR CITY OF JOLIET POLICY THAT VIOLTES PLAINTFF'S RIGHT TO PANHANDLE

1.-21. Plaintiff adopts and incorporates paragraphs 1-21 of the Statement of Facts as though fully stated herein as paragraphs 1-21 of Count I.

22. The U.S. Supreme Court has held that the solicitation of funds (panhandling) by an organization is constitutionally protected free speech protected by the First Amendment. See Village of Schaumburg 444 U.S. 620. (1980).

23. The 7th Circuit has held that the First Amendment free speech protections that apply to organizations that panhandle also applies to individuals that panhandle. See Gresham v. Peterson 225 F. 3d 899, 903. (7th Circuit, 2000).

24. Other Federal Circuits have also held that an individual begging and panhandling is communicative activity protected by the First Amendment. See Speet v. Shuette 726 F. 3d 867, 875, 876 (6th Circuit 2013)

25. The City of Joliet Police Officers have pursued a pervasive, repeated and continuing course of conduct the purpose of which is to deprive Plaintiff of his Fist Amendment right to panhandle in Joliet. This course of conduct as alleged above by the various Joliet Police Officers is so persistent and pervasive that it may be deemed as an official policy adopted by the City of Joliet to deprive Plaintiff of his Fist Amendment right to panhandle.

26. That the Supreme Court and 7th Circuit have clearly established the First Amendment free speech right of a homeless person to panhandle.

27. Plaintiff brings this action pursuant to 42 U.S.C. Section 1983 against the City of Joliet, for violating Plaintiff's right to panhandle in violation of Plaintiff's free speech rights protected by First and Fourteenth Amendments to the United States Constitution.

28. Pursuant to 42 U.S.C. Section 1983, Defendant is liable for Plaintiff's reasonable attorney's fees.

WHEREFORE, Plaintiff, BRIAN DAVIDSON, prays for entry of a judgment in his favor and against the Defendant, CITY OF JOLIET, in a sum in excess of $50,000.00 plus attorney fees and costs.

## COUNT II – FACIAL CHALLENGE TO THE SOLICITING ORDINANCE

1.-21. Plaintiff adopts and incorporates paragraphs 1-21 of the Statement of Facts as though fully stated herein as paragraphs 1-21 of Count II.

22. The soliciting ordinance is a blanket prohibition against any form of solicitation at any time, on any City of Joliet property.

23. There are no or at least very few circumstances that exist wherein the solicitation ordinance would be a valid prohibition against panhandling.

24. The City of Joliet did not attempt to set reasonable time and place restrictions on panhandling and the unconstitutional provisions of the solicitation ordinance cannot be severed from any part of the ordinance that would be valid.

25. The solicitation ordinance is unconstitutional and should be stricken in its entirety.

26.  Plaintiff brings this action pursuant to 42 U.S.C. Section 1983 for the violation of Plaintiff's free speech rights as protected by the First and Fourteenth Amendment of the U.S. Constitution.

27.  Pursuant to 42 U.S.C. Section 1988(b), Defendant, City of Joliet is liable for Plaintiff's reasonable attorney fees.

WHEREFORE, Plaintiff, BRIAN DAVIDSON, prays for entry of a judgment in his favor and against the Defendant, CITY OF JOLIET, in a sum in excess of $50,000.00 plus attorney fees and costs.

### COUNT III – AS APPLIED CHALLENGE TO THE SOLICITING ORDINANCE

1.-27.  Plaintiff adopts and incorporates paragraphs 1-27 of Count II as though fully stated herein as paragraphs 1-27 of Count III.

28.  The solicitation ordinance as applied to Plaintiff is unconstitutional.

29.  Plaintiff brings this action pursuant to 42 U.S.C. Section 1983 for the violation of Plaintiff's free speech rights as protected by the First and Fourteenth Amendment of the U.S. Constitution.

30.  Pursuant to 42 U.S.C. Section 1988(b), Defendant, City of Joliet is liable for Plaintiff's reasonable attorney fees.

WHEREFORE, Plaintiff, BRIAN DAVIDSON, prays for entry of a judgment in his favor and against the Defendant, CITY OF JOLIET, in a sum in excess of $50,000.00 plus attorney fees and costs.

### COUNT IV - INJUNCTIVE RELIEF

1.-30.  Plaintiff adopts and incorporates paragraphs 1-30 of Count III as though fully stated herein as paragraphs 1-30 of Count IV.

31. Plaintiff is under the constant threat of arrest, prosecution harassment and abuse by City of Joliet Police Officers whenever he panhandles in Joliet.

32. That there has been an ongoing and constant policy of the City of Joliet by its police officers, to deter Plaintiff from exercising his First Amendment right to panhandle in Joliet.

33. That there is a likelihood of success in Plaintiff's underlying claims. The U.S. Supreme Court and 7th Circuit have clearly established Plaintiff's right to panhandle.

34. A favorable judicial finding will prevent or redress the ongoing violations of Plaintiff's First Amendment free speech rights to panhandle.

WHEREFORE, Plaintiff, BRIAN DAVIDON, requests the entry of an order, enforcing and restraining the City of Joliet:

(a) From enforcing the solicitation ordinance;

(b) From prosecuting Plaintiff for panhandling; and,

(c) From intimidating, harassing or threatening Plaintiff while he is panhandling.

Respectfully submitted:

Sabuco, Beck, Hansen, Schrock & Pollack, P.C.
Attorneys for Plaintiff,

By: _____
John V. Schrock

John V. Schrock  #06201876
Sabuco, Beck, Hansen & Schrock, P.C.
77 129th Infantry Drive
Joliet, Illinois 60435
815/730-8860